IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| FACTEON, LLC, | ) | CASE NO. 15-56916 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FACTEON, LLC, | ) | |
| | ) | |
| Movant, | ) | CONTESTED MATTER |
| | ) | |
| vs. | ) | |
| | ) | |
| STERLING NATIONAL BANK, | ) | |
| ANDREW NORWOOD, LINDA NORWOOD, | ) | |
| ROBERT NORWOOD, THOMAS NORWOOD | ) | |
| DIANE M. ASHKOUTI, TABAS TWO, LLLP, | ) | |
| ROYAL WAFFLE KING CORPORATION, | ) | |
| MARSHA CROWDER, STANDFORD | ) | |
| OPPORTUNITY FUND, LLC, | ) | |
| Respondents. | ) | |
| | ) | |

**MOTION REQUESTING ENTRY OF ORDER
AUTHORIZING PAYMENT OF PREPETITION
WAGES, SALARIES, AND TAXES AND
<u>REQUEST FOR EXPEDITED HEARING</u>**

COMES NOW Facteon, LLC ("Debtor") and hereby files this "Motion Requesting Entry of Order Authorizing Payment of Prepetition Wages, Salaries, and Taxes and Request for Expedited Hearing" (the "Motion"). In support of the Motion, Debtor shows the Court as follows:

**<u>Jurisdiction</u>**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is 11 U.S.C. §§ 105(a).

### Background

2. On April 14, 2015 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (as amended, modified, or supplemented the "Bankruptcy Code").

3. Debtor is a Georgia corporation and its primary place of business is located at 700 Galleria Parkway, Suite 440, Marietta, Georgia 30039.

4. Debtor primary line of business involves the acquisition and factoring of receivables. Debtor employs approximately 8 individuals. Debtor's employees are paid on the 15th and the last business day of each month. The payroll is for the prior two (2) weeks. Debtor's next payroll is due on April 15, 2015. Total payroll including wages, taxes, and insurance is approximately $24,277.05. Tom Nort and Fred Nort were removed from the payroll as of March 31, 2015 and no longer receive compensation. Eric Benson, a member and officer is included in the payroll request. Tom Nort and Fred Nort's names are included on the payroll breakdown which is available for review upon request, however, neither Tom Nort nor Fred Nort will received any monetary compensation and Debtor is not requesting authorization to remit any monetary compensation to Tom Nort or Fred Nort.

### Relief Requested

5. By this Motion, the Debtors request that this Court enter an Order, under sections 507(a)(3), 507(a)(4) and 105(a) of the Bankruptcy Code authorizing the Debtors

to (i) pay to certain employees their accrued prepetition wages, if any, on regularly scheduled post-petition pay dates and pay employees terminated post-petition any severance benefits that may come due, (ii) confirming the Debtors' authority to pay withholding and payroll-related taxes; (iii) directing all banks to honor prepetition checks for payment of prepetition employee claims; and (iv) authorizing payment of prepetition health care benefits.

## Basis for Relief

6.     As of the Petition Date, the Debtor employed less than fifteen (15) employees on either an hourly or salary basis.  Employees are paid bi-monthly.  The next payroll is due on February 15, 2015 and includes the wages earned for services rendered through March 31, 2015.  Additionally, Debtor seeks authorization to remit payment for payroll taxes for payroll earned and services rendered through and including April 15, 2015.  The next payroll due on April 30, 2015, will also include prepetition wages through the Filing Date and is estimated to be approximately $25,000.00, of which a portion is prepetition.

7.     The Debtor is required by law to (i) withhold from their payrolls, and remit to the appropriate taxing authorities, certain federal, state and local income taxes, social security, and Medicare taxes (collectively, the "Payroll Tax Obligations").  The Debtors' obligations in respect of Payroll Tax Obligations are approximately $8,000.00.  The Debtors seek authority to pay any such estimated Payroll Obligations and unemployment taxes plus, any additional amounts which Debtor may not be aware of.

**Applicable Authority**

8.    Pursuant to sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, a debtor's employee's claim for "wages, salaries, or commissions, including vacation, severance and sick leave pay" earned within 180 days before the Petition Date, and claims against the Debtors for contributions to employee benefit plans arising from services rendered within 180 days before the Petition Date, are afforded unsecured priority status to the extent of $10,000.00 per employee. 11 U.S.C. § 507(a)(3), (a)(4). Furthermore, section 363(b) of the Bankruptcy Code provides that the debtor in possession, "after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code further provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

9.    The Debtor believes that the unpaid salaries and wages constitute priority claims under sections 507(a)(4) and (a)(5) of the Bankruptcy Code. The Debtor submits, however, that to the extent any employee is owed in excess of $10,000.00 on account of Prepetition Employee Obligations, payment of such amount is necessary and appropriate and is authorized under section 105(a) pursuant to the "necessity of payment" doctrine, which "recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operation of the debtor." <u>Duparquet, Inc. v. Local Union No. 3, Int'l Bd. Of Elec. Workers</u>, 386 F.2d 649 (2d Cir. 1967) (separation pay obligations arising in connection with a post-petition employee lay-off are administrative claims).

10. Here, the post-petition stability of the Debtor's workforce is integrally tied to the Debtors' ability to continue business operations and reorganize its business and financial affairs. Any delay in payments to employees will impact the Debtor's relationship with essential workers and may irreparably harm employee morale, dedication, confidence, and cooperation. The support and efforts of the Debtor's workforce during the pendency of the case is critical to the Debtor's ability to maximize the value of its estate. At this early stage, the Debtor cannot risk losing the critical mass of their personnel or suffering the substantial damage to the business that would inevitably result from any decline in employee morale.

11. In addition, for many of the employees, the wages received from the Debtor is needed to enable the employees to meet their own financial obligations. As a result, absent an order granting the relief requested in this Motion, the employees and their families are likely to suffer personal hardship and, in many instances, serious financial difficulties.

12. Similar relief to the relief requested herein has been granted in this and other courts. See, e.g., In re Tower Automotive, Inc., Case No. 05-10578 (Bankr. S.D.N.Y. Feb. 3, 2005); In re Interstate Bakeries Corp., Case No. 04-45814 (Bankr. W.D. Mo. Sept. 24, 2004); In re Git-N-Go, Inc., Case No. 04-10509 (Bankr. N.D. Okla. Feb. 13, 2004); In re Westpoint Stevens, Inc., Case No. 03-13532 (Bankr. S.D.N.Y. June 3, 2003); In re The Penn Traffic Company, Case No. 03-22945 (Bankr. S.D.N.Y. May 30, 2003). The Debtor submits that the circumstances of this case warrant similar relief.

**Notice**

13. Notice of this Motion will be given to: (i) the Office of the United States Trustee, and (ii) the parties listed on each of the Debtors' twenty (20) largest unsecured creditors list. The Debtor submits that, under the circumstances, no other or further notice is required.

**Request for Expedited Hearing**

14. Debtor requests that this Court shorten any applicable notice period and schedule a hearing on this Motion on the earliest available calendar on or before April 15, 2015.

WHEREFORE, Debtor respectfully requests that this Court enter an order, substantially in the form annexed hereto, granting the Motion and such other relief as may be just and proper.

Respectfully submitted this 14th day of April, 2015.

                                                **M. DENISE DOTSON, LLC**

                                                *s/ M. Denise Dotson*
M. Denise Dotson
Georgia Bar No. 227230
170 Mitchell Street
Atlanta, Georgia  30303
(404) 526-8869
(404) 526-8855 Facsimile
ddotsonlaw@me.com

Proposed Attorneys for Debtor and Debtor in Possession

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have served a true and correct copy of the within and foregoing document by placing same in a properly addressed envelope with adequate postage affixed thereon by placing same in the U.S. Mail and via electronic transmission or Facimile upon those parties referenced below:

>Office of the United States Trustee
>362 Richard B. Russell Federal Building
>75 Spring Street
>Atlanta, GA 30303
>Guy.gebhardt@usdog.gov
>
>Diana M. Ashkouti
>50 Old Stratton Chase
>Atlanta, GA 30328
>albert@fgmc.net
>
>TABAS II LLLP
>c/o Albert Ashkouti
>Century Springs West
>6000 Lake Forrest Drive Suite 400
>Atlanta, GA 30328
>albert@fgmc.net
>
>Thomas Norwood
>Robert Norwood
>Linda Norwood
>Albert Norwood
>c/o John Mills
>Barnes & Thornburg, LLP
>Prominence in Buckhead, Suite 1700
>3475 Piedmont Road, NE
>Atlanta, GA 30305
>John.mills@btlaw.com
>
>John Christy
>Schreeder Wheeler & Flint, LLP
>1100 Peachtree Street, NE
>Suite 800
>Atlanta, GA 30309
>jchristy@swfllp.com

Annette Reed
annereed@annereed.net

Allison Drummond/Equity Trust Company
adrummond@strategicalt.com

Barclay & Lorita Resler
btresler@gmail.com

Bonita Tew
Bonnie.tew@gmail.com

Daniel J. Homrich
dan@thehomrichs.com

Edward C. Mitchell
mitchec@bellsouth.net

Fred C. Hollmer
800 Jett Ferry Manor
Atlanta, GA  30350
FedEx delivery

Gary L. Beck
Lincoln Trust
PO Box 5831
Denver, CO  80217
US Postal Service Overnite

John Whitmore
jgw2cpa@yahoo.com

Lawson K. Broadrick
300 Landfill Rd. NW
Atlanta, GA  30328
FedEx delivery

Lester Sheppard
1081 Flemings Knoll
Greensboro, GA  30642
FedEx delivery

Michael Brumit
1090 Waterbury Close
Powder Springs, GA  30127
FedEx delivery

Polestar Capital, LLC/David Homrich-AMB Foundation
dhomrich@ambfo.com

Roger Tutterow
tutterowrc@kennesaw.edu

Samuel Calvin Rogers
sregorlac76@att.net

Steve Kramer
steve.kramer@aol.com

Sterling National Bank
c/o Jank Kopnisky, President & CEO
400 Rella Blvd
Montebello, NY 10901
cls-ctls_Glendale_Customer_Service@wollenskulwer.com
`Fax 845-369-8175`

Marsha Crowder
Royal Waffle Corporation
Standford Opportunity Fund, LLC
c/o Ira K. McKee
The McKee Firm
140 Vann Street – Suite 420
Marietta, GA 30060
iramckee@outlook.com

This 14th day of April, 2015.

                                          **M. DENISE DOTSON, LLC**

                                          *s/ M. Denise Dotson*
                                          M. Denise Dotson
                                          Georgia Bar No. 227230
                                          170 Mitchell Street
                                          Atlanta, Georgia  30303
                                          (404) 526-8869
                                          (404) 526-8855 Facsimile
                                          ddotsonlaw@me.com

                                          Proposed Attorneys for Debtor and
                                          Debtor in Possession