**IT IS ORDERED as set forth below:**

**Date: April 20, 2015**

_____

**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| FACTEON, LLC, | ) | CASE NO. 15-56916-bem |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FACTEON, LLC, | ) | |
| | ) | |
| Movant, | ) | CONTESTED MATTER |
| | ) | |
| vs. | ) | |
| | ) | |
| STERLING NATIONAL BANK, | ) | |
| ANDREW NORWOOD, LINDA NORWOOD, | ) | |
| ROBERT NORWOOD, THOMAS NORWOOD | ) | |
| DIANE M. ASHKOUTI, TABAS TWO, LLLP, | ) | |
| ROYAL WAFFLE KING CORPORATION, | ) | |
| MARSHA CROWDER,STANDFORD | ) | |
| OPPORTUNITY FUND, LLC, | ) | |
| Respondents. | ) | |
| | ) | |

**INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL**
**PURSUANT TO 11 U.S.C. §363 AND SCHEDULING**
**FINAL HEARING**

The above-captioned case came before the Court on April 15, 2015, for an expedited hearing on the "Motion Requesting Entry of Interim Order Authorizing the Use of Cash Collateral, Scheduling an Expedited Hearing on the Request for Interim Use of Cash Collateral and Scheduling Final Hearing on Debtor's Request to Use Cash Collateral (the "Motion") filed by Facteon, LLC ("Debtor") on April 14, 2015.  The Motion seeks entry of an order authorizing the use Cash Collateral (as defined below) on a preliminary basis for the period commencing as of the date of the bankruptcy filing through the time of the final hearing on Cash Collateral, while reserving Debtor's right to seek to set aside and/or challenge the validity of any or all liens pursuant to applicable law.

The Motion and notice of hearing was served upon the appropriate creditors and parties-in-interest via facsimile, electronic transmission, or overnight delivery as set forth in the certificates of service on file with the Court.  Based upon the circumstances, notice appears sufficient and no further notice is required.

At the hearing the following parties appeared: (i) M. Denise Dotson, proposed counsel for the Debtor; (ii) David Weidenbaum for the Office of the United States Trustee; (iii) John Christy prepetition counsel for the Ad Hoc Noteholders Committee; and (iv) John Mills counsel for Andrew, Linda, Robert and Thomas Norwood.  Based upon the representations made by Debtor's counsel, the Court has determined that it is in the best interest of the estate to permit the Debtor to use Cash Collateral on an interim basis in accordance with the terms and conditions set forth herein.  Accordingly, it is hereby ORDERED:

1. The Debtor may use Cash Collateral during the period beginning April 14, 2015, and hereafter in the ordinary course of business for the expenses specified in the budget attached to the Motion and incorporated herein by reference.   Debtor may use Cash Collateral only for

2

ordinary and necessary business expenses of the Debtor consistent with the specific items and the amounts contained in the attached budgets and for no other purposes; provided, however, any individual budget line item may vary by up to 10% as long as the total expenses do not exceed the budgeted expenses. Additionally, payment of professional fees shall only occur after compliance with applicable rules and procedures requiring the filing of an application, notice, and entry of an order authorizing payment of professional fees and reimbursement of expenses. All payments to professionals require Court authorization. "Cash Collateral" is defined as all income, receipts, accounts receivables, accounts, profits and collections of this Debtor from whatever source on hand as of the petition date or collected and received post-petition.

2. Debtor shall not use, sell or expend, directly or indirectly, Cash Collateral or any proceeds, products or offspring thereof, except as authorized in this Interim Order.

3. Because Respondents may have an interest in accounts or profits which may constitute Cash Collateral within the meaning of 11 U.S.C. §§ 363 and 552(b) and then used by the Debtor in accordance with this Interim Order, To the extent that Respondents may have an interest in Cash Collateral, Respondents shall be granted adequate protection as follows:

    (a) <u>Lien on Post-Petition Collateral</u>. Pursuant to 11 U.S.C. §361, 363, and 552(b), as adequate protection for Respondents' interest in Cash Collateral, to the extent Debtor uses Cash Collateral, Respondents are granted a valid, attached, choate, enforceable, perfected and continuing security interest in, and liens upon all post-petition assets of Debtor of the same character, type, to the same nature, extent and validity as the liens and encumbrances of Respondents attached to Debtor's assets pre-petition (the "Post-Petition Collateral").

3

Respondents' security interest in, and liens upon, the Post-Petition Collateral shall have the same validity as existed between Respondents, Debtor and all other creditors or claimants against Debtor's estate on the Petition Date. The liens and security interests granted by this Order shall, upon entry of this Order, be deemed prior and senior to any and all liens, claims, encumbrances and security interest in the Post-Petition Collateral of third parties, Debtor or any successor trustee in this proceeding, or in any superseding proceeding under the Bankruptcy Code, without regard to applicable federal, state or local filing and recording ("Statutes") and, without any further action of any party. With respect to the post-petition liens and security interests granted by this Order, Respondents may, but need not, take such steps as it deems desirable and applicable to comply with such Statutes, and all financing statements and other documents that are filed listing Debtor as borrower and Respondents as Respondents shall be deemed to have been filed and the post-petition liens and security interest granted herein shall be deemed to have been perfected on the Petition Date. In the event Respondents' security interests in, or liens upon the Pre-Petition Collateral are subsequently reduced or invalidated by a final order of this Court that is no longer subject to further appeal, then Respondents' security interests in and liens upon the Post-Petition

        Collateral granted by this Order shall be reduced or invalidated commensurately.

    (b)    <u>Reporting</u>.  Debtor shall provide a copy of its monthly operating report to Respondents upon the request of Respondents.

4.    This Order is without prejudice to the rights of Respondents or other creditors to seek additional adequate protection or other relief available under the Bankruptcy Code or other applicable law or the applicable loan documents.  Nothing herein shall be construed or interpreted as consent by Respondents to entry of a final order authorizing the use of Cash Collateral.  Entry of this Interim Order is without prejudice to the rights of the Respondents to challenge or otherwise contest entry of a final order authorizing the use of Cash Collateral.

5.    This Interim Order is also entered without prejudice to: (i) the claims, rights, and actions that Debtor, United States Trustee, trustee, committee or other party-in-interest may have to seek to avoid the lien under applicable law or to challenge the nature, validity, or extent of the liens asserted by Respondents; and (ii) any and all claims, rights, and defenses Respondent may assert in any action to challenge the nature, validity, or extent of the liens it may assert.  Each party's rights are specifically reserved.

6.    Entry of this Interim Order shall not constitute a waiver of any prepetition default or any right or remedy available under applicable non-bankruptcy law.

7.    Respondents shall not be deemed to have admitted that the procedures specified herein constitute full adequate protection for their interests.

8.    Debtor is directed to serve a copy of this Order upon the appropriate parties in interest within three (3) days after entry and shall file a certificate of service specifying the manner and method of service.

9. PLEASE TAKE FURTHER NOTICE that the Court will hold a final hearing on the Motion in **Courtroom 1402, on May 6, 2015, United States Courthouse, 75 Spring Street, SW, Atlanta, Georgia at 2:00 p.m.**

10. Any party objecting to this Order or the Motion shall file a written objection setting out the legal and factual basis of the objection with the Clerk of the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, 75 Spring Street, 1340 Russell Federal Building, Atlanta, Georgia 30303 at least three (3) business days prior to the final hearing, serve said objection on M. Denise Dotson, LLC at the address listed below, and appear at the final hearing to urge its objection for it to be considered.

END OF DOCUMENT

Order prepared and presented by:
M. DENISE DOTSON, LLC

*/s/*
M. Denise Dotson
Georgia Bar No. 227230
170 Mitchell Street
(404) 526-8869 Telephone
(404) 526-8855 Facsimile
ddotsonlaw@me.com
Proposed Counsel for Debtor


Reviewed as to form by:
OFFICE OF THE UNITED STATES TRUSTEE

 */s/*
David S. Weidenbaum
Trial Attorney, Office of US Trustee
Georgia Bar No. 748952
362 Russell Federal Building
75 Spring Street
Atlanta, GA 30303

Distribution List:

M. Denise Dotson, M. Denise Dotson, LLC, 170 Mitchell Street, Atlanta, GA 30303

Office of the United States Trustee, 75 Spring Street, Atlanta, GA 30303

John A. Christy, Esq., 1100 Peachtree Street, Suite 800, Atlanta, GA 30309

John Mills, Esq., Prominence in Buckhead, 3475 Piedmont Rd., NE Suite 1200, Atlanta, GA 30305